## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **AMERICAN POSTAL WORKERS UNION,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **UNITED STATES POSTAL SERVICE,** <br><br> **Defendant.** |

**Civil Action 04-01404 (HHK)**
**Civil Action 05-01771 (HHK)**

## MEMORANDUM OPINION

The American Postal Workers Union ("APWU") brings these actions alleging breach of both a collective bargaining agreement and a settlement agreement entered into between APWU and the United States Postal Service ("USPS").  APWU seeks an order enforcing and directing USPS's compliance with an April 2003 arbitration award, Pl.'s Opp'n to Def.'s Mot. to Dismiss, Civ. No. 05-1771, Ex. A (the "Award"), and an order compelling future arbitrations pursuant to the settlement agreement.  Before the court are the parties' motions for summary judgment [#19, #28].  Upon consideration of the motions, the oppositions thereto, and the record of the cases, the court concludes that judgment must be granted in favor of USPS.

## I.  FACTUAL BACKGROUND

The general background of these actions is set forth at length in the court's prior memorandum opinion and order issued on March 23, 2006 [#18], and is incorporated herein by

reference.  Summarized briefly, the core dispute is whether Address Management Systems

("AMS") Specialists at USPS are or should be part of the APWU bargaining unit, or,

alternatively, whether the work performed by AMS Specialists should be assigned to APWU.

The 2003 Award answered yes, at least as to the primary question.  After the entry of the court's

prior order, and before briefing on the parties' summary judgment motions was completed, the

National Labor Relations Board (the "Board") answered to the contrary, determining that the

AMS Specialist position was outside the APWU bargaining unit.  *See* Def.'s Reply in Supp. of

Mot. for Summ. J. ("Def.'s Reply"), Attach. 1 (NLRB Decision, Feb. 23, 2007).[1]

## II.  ANALYSIS

Because the Board's binding decision resolves a primary aspect of this dispute, the parties

have revised their contentions in support of their motions.  APWU now asserts that though the

AMS position is not within the APWU bargaining unit, the arbitral Award, which USPS has not

sought to vacate, separately determined — and not inconsistently with the Board's decision —

that the *work performed* by AMS Specialists falls within the unit's jurisdiction.  This aspect of

the Award, APWU argues, must be enforced.  USPS disagrees, contending that the Board's

rejection of APWU representation extends necessarily to any APWU claim to AMS Specialist

work and precludes enforcement of the Award in all respects.[2]  The court agrees with USPS.

---

[1] The Board made this decision after APWU disclaimed any further interest in representing the AMS Specialists.  *Id.* at 1.

[2] Another previously contested issue between the parties has been resolved.  As discussed in the court's prior opinion and order, the AMS Specialist dispute arose as part of a series of APWU/USPS grievances which, pursuant to a 1999 settlement agreement between the parties, were supposed to be arbitrated by Carlton Snow.  The agreement provided that the parties would arbitrate six grievances, each involving a different Executive and Administrative Service ("EAS") position, before a single arbitrator (Snow).  The first EAS position to be resolved was

Arbitration awards in labor disputes are generally enforceable. *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445, 449–50 (7th Cir. 2004) ("[F]ederal courts generally must enforce an arbitration award that results from a proceeding pursuant to a collective bargaining agreement."). The issue here is whether one exception to this rule applies. That exception holds that where an arbitration award is in conflict with a decision of the Board, the Board's "superior authority" takes precedence. *Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 272 (1964); *see also T. Equip. Corp. v. Mass. Laborers' Dist. Council*, 166 F.3d 11 (1999) (collecting cases).[3] The parties do not dispute the theoretical applicability of this principle;

---

jointly agreed to by the parties, the second was to be selected by APWU, the third by USPS, and so forth until placement of all six positions was determined. The settlement agreement further provided that "[t]he parties shall apply the national level arbitration awards which are issued as a result of this settlement agreement as broadly as possible in an effort to resolve other pending EAS grievances raising the same or similar issues or arguments." Def.'s Mot. to Dismiss, Civ. No. 04-1404, Ex. 1-1, at 2. The AMS Specialist dispute was the second of these disputes, and the remainder have not been resolved due to the pendency of the present dispute. Arbitrator Snow issued the 2003 Award regarding the AMS Specialist position. He has since died, and though the argument has now been abandoned, USPS argued in prior briefing that his death renders the entire settlement agreement (and resulting grievance process) unenforceable. The parties now agree that the 1999 agreement should be modified such that the paragraph contemplating arbitration by Snow is replaced by Article 15 of the parties' current collective bargaining agreement (the 2006 National Agreement), and that Article 15 will govern the process going forward. APWU has requested that the court "reform" the contract in this fashion, and USPS does not object to this request, but it is not clear why or how the court should do so. First, "reformation" of a contract is a specific remedy limited to circumstances where the written contract does not accurately encapsulate the parties' agreement at the time it was entered. *See* Richard A. Lord, 27 *Williston on Contracts* § 70:19 (4th ed. 2006). These circumstances are not present here. To the extent the parties wish to modify the contract, they appear to be at liberty to do so without court involvement. Should circumstances presently unknown to the court require it to provide some sort of formal approval of or order enforcing this agreed-to modification, the parties may so move. *See* Fed. R. Civ. P. 60(e).

[3] This exception typically arises in so-called "jurisdictional" disputes, where competing unions vie for work and/or the right to represent certain employees. Section 10(k) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, grants authority to the Board to hear and determine whether parties have committed unfair labor practices regarding union jurisdiction, *id.* § 160(k).

rather, they dispute whether, regarding the work performed by AMS Specialists, there is any conflict between the 2003 arbitration Award and the Board's subsequent decision placing the position outside the APWU bargaining unit.

To answer this question, the court must determine what the Award actually accomplishes. APWU contends that the Award contains two separate determinations: (1) that the AMS position is properly within the bargaining unit, and (2) that the work performed by AMS Specialists is bargaining unit work.  USPS contends that the Award was categorical as to the assignment of the *position* and did not separately reach the question of whether the work should be assigned to APWU.  The court agrees with USPS.

The Award is quite straightforward.  As identified by Professor Snow, the relevant issue to be decided was whether "the 'Address Management System Specialist' position [shall] be included in the APWU bargaining unit."  Award at 3.  Whether the work performed by the AMS Specialists was bargaining unit work was a question to be addressed in the alternative, if at all. *Ibid.*  ("Alternatively, does this position contain duties belonging in the APWU bargaining unit?"); *see also* Def.'s Opp'n and Mem. in Supp. of Mot. for Summ. J., Ex. 1 ¶ 19 (Decl. of Kaufman) & Attach. 11 (Hajjar Ltr. to Snow, Sept. 19, 2002) ("The question whether any part of the work of AMS personnel is clerk work is an issue which you must reach only if you find that the AMS position is properly classified as an EAS position but that all or some of the work is craft (not EAS) work.").  Professor Snow addressed the first question and resolved it in APWU's favor.  Accordingly, he did not reach the alternative question of whether, *if the position did not*

---

These proceedings are often referred to as "§ 10(k) hearings." *See Int'l Longshoremen's and Warehousemen's Union, Local 14 v. NLRB*, 85 F.3d 646, 648 (D.C. Cir. 1996).

*belong in the bargaining unit*, the work nonetheless should be assigned to bargaining unit workers.  While some of Professor Snow's language is expansive and occasionally refers both to the position and to the work performed,[4] the import of the decision is clear: the position is within the unit, and the concomitant assignment of the work is derivative of that decision.  Because the Award only reached the question of the placement of the position, and because the Board's decision to the contrary supercedes the Award in that respect, the Award is unenforceable.  There is no separate work-assignment determination to enforce.[5]

### III.  CONCLUSION

For the foregoing reasons, the court grants summary judgment in favor of USPS and against APWU regarding enforcement of the Award's assignment of AMS Specialist work to the APWU bargaining unit.  An appropriate order of judgment accompanies this memorandum.

Henry H. Kennedy Jr.
United States District Judge

Dated:  August 7, 2007

---

[4] Much of the Award focuses on the work performed by AMS Specialists, but the discussion regarding that work is directed at the threshold question of proper placement of the position, rather than the alternative question of whether the work should be assigned to the unit regardless of the position's placement.  *See* Award at 36 (recognizing that the National Agreement grants management the right to assign work, but noting that this discretion is subject to USPS's obligation to place positions that do not fall within the Agreement's "excluded categories" (e.g., the AMS Specialist position) within the unit).

[5] USPS also requests that the court modify its prior decision that the Award was final and enforceable.  The court declines to do so.