UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>              Defendant. | Civil Action 04-01404 (HHK) |

**MEMORANDUM OPINION**

This case is before the Court on remand from a decision of the D.C. Circuit. *Am. Postal Workers Union v. U.S. Postal Serv.*, 550 F.3d 27 (D.C. Cir. 2008). Before the Court is the question of whether a particular finding in an award resulting from arbitration between the American Postal Workers Union ("Union") and the United States Postal Service ("USPS") is enforceable. *See id.* at 32. The parties have fully briefed the question. Upon consideration of the briefs and the record of this case, the Court concludes that the finding is unenforceable and summary judgment should be entered in favor of USPS.

**I.**

The facts of this case are set out in a previous opinion of this Court, *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 242-45 (D.D.C. 2006), and in the Circuit Court's opinion, *Am. Postal Workers Union*, 550 F.3d at 28-30. The remaining issue concerns the Address Management System ("AMS") Specialist position, a job within the USPS that has not been held by members of the Union, as well as the work AMS Specialists perform.

The Circuit Court determined that an arbitrator's award found that both the AMS Specialist position *and* the work AMS Specialists do were within the Union's bargaining unit. *Id.* at 30-31.[1] The National Labor Relations Board ("Board"), however, has determined that the AMS Specialist position is outside the bargaining unit, and the parties do not dispute that, consequently, the portion of the arbitration award finding otherwise is unenforceable. *Cf. Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 272 (1964) ("Should the Board disagree with arbiter, by ruling, for example, that the employees involved in the controversy are members of one bargaining unit or another, the Board's ruling would, of course, take precedence."). This Court is now charged with determining whether the finding that the work performed by AMS Specialists is within the bargaining unit is enforceable. *Am. Postal Workers Union*, 550 F.3d at 32.

## II.

An arbitration award is unenforceable if it "is in 'explicit conflict' with 'other laws and legal precedents.'" *Am. Postal Workers Union*, 550 F.3d at 32 (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43 (1987)). In remanding this case, the Circuit Court noted that "[i]t is not immediately apparent whether the transfer of AMS Specialist duties to the bargaining unit would be an unlawful accretion under Board precedent," and cited two Board opinions relevant to the question: *Kaiser Foundation Hospital*, 343 N.L.R.B. 57 (2004), and *Lockheed Martin Tactical Aircraft Systems*, 331 N.L.R.B. 1407 (2000). *Id.*

---

[1] Specifically, the portion of the arbitration award the Circuit Court interpreted states that "the 'Address Management System Specialist' *position* is a part of the [Union] bargaining unit *and* that it is a violation of Article 1.2 of the [Collective Bargaining Agreement] to exclude the position and the *disputed work* from the bargaining unit." *Am. Postal Workers Union*, 550 F.3d at 30 (emphasis and first alteration in original) (internal quotation mark omitted).

2

The Union argues that this case is more like *Lockheed Martin*, in which the Board held that the transfer of certain employees into a bargaining unit following a determination that their work was within that unit was not an unlawful accretion in violation of the National Labor Relations Act ("Act"), 29 U.S.C. §§ 151-69. *Lockheed Martin*, 2000 WL 1283044, at *1-3. USPS argues this case is more like *Kaiser Foundation Hospital*, in which the Board held that movement of a class of employees into a bargaining unit did violate the Act. *Kaiser Found. Hosp.*, 343 N.L.R.B. at 57-58. The Court agrees with USPS.

The facts of this case are similar to those in *Kaiser Foundation Hospital* and different from those in *Lockheed Martin* in the same two "critical respects" in which the Board distinguished *Lockheed Martin* in making its ruling in *Kaiser Foundation Hospital*. *Id.* at 57. First, the Board noted that in *Lockheed Martin*, there was no suggestion that the union was adding an "historically excluded classification" to the bargaining unit, whereas in *Kaiser Foundation Hospital*, there was such a suggestion. *Id.* at 57-58. Like in *Kaiser Foundation Hospital*, in the case before this Court, the Union has not disputed USPS's assertion that the AMS Specialist position has historically been excluded from the bargaining unit. Second, the *Kaiser Foundation Hospital* opinion noted that in *Lockheed Martin*, the employees in question were transferred into the relevant bargaining unit based on individual assessments of their job responsibilities, whereas in *Kaiser Foundation Hospital*, the employees were transferred as a group with no such individualized consideration. *Id.* at 58. Here, the arbitrator's award defines the work he found to be within the bargaining unit as the work of AMS Specialists, not as particular tasks AMS Specialists may or may not currently perform. Based on these similarities to *Kaiser Foundation Hospital*, the Court concludes that the Union's enforcement of the portion

3

of the arbitrator's award regarding the work of AMS Specialists would constitute an unlawful accretion to the bargaining unit.

Moreover, USPS has pointed to a case that further undercuts the Union's insistence that the arbitrator's finding relates to work responsibilities and therefore is not in conflict with the Board's conclusion as to a job classification. Although the Union is correct that the two can be distinct, *see Carey*, 375 U.S. at 263 (noting that a dispute can be "a controversy as to whether certain work should be performed by workers in one bargaining unit or those in another; or . . . a controversy as to which union should represent the employees doing particular work"), the Board previously has rejected a union's argument that a dispute about all of the work of a particular class of employees is not a question of whether that class is within a bargaining unit, *see Chauffeurs, Teamsters & Helpers Local 776*, 305 N.L.R.B. 832, 833-34. The Board held in *Chauffeurs, Teamsters & Helpers Local 776* that in attempting to transfer the *work* of a group of employees into the bargaining unit where those employees' *positions* were outside the bargaining unit, the union was unlawfully "seeking to apply its collective-bargaining agreement to employees whom the Board [had] already determined to be outside the bargaining unit." *Id.* at 834, 835.

Applying the reasoning of *Kaiser Foundation Hospital* and *Chauffeurs, Teamsters & Helpers Local 776* here, the Court can only conclude that because the Board has determined that the AMS Specialist position is outside the bargaining unit, the arbitrator's finding that the work of AMS Specialists is within it is in "explicit conflict" with "legal precedents." *Am. Postal Workers Union*, 550 F.3d at 32 (quoting *United Paperworks Int'l Union*, 484 U.S. at 43) (internal quotation marks omitted). Accordingly, the award is unenforceable and USPS is entitled to summary judgment.

**III.**

For the foregoing reasons, USPS's motion for summary judgment [#53] shall be granted.

An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge